UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BRANDON T. WARD,<br><br>Plaintiff,<br><br>v.<br><br>BLOUNT COUNTY, TENNESSEE, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:26-CV-481-TAV-JEM |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a former prisoner, filed (1) a complaint under 42 U.S.C. § 1983 concerning events that transpired while he was detained by the Blount County Sheriff's Office [Doc. 2] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons set forth below, the Court will grant Plaintiff's motion [Doc. 1], dismiss his complaint [Doc. 2], and permit Plaintiff an opportunity to file an amended complaint.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under 28 U.S.C. § 1915, the Court may generally "authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Although the relevant statute specifically references the "assets such ***prisoner*** possesses," the Sixth Circuit has construed the statute to extend to non-prisoners who apply to proceed *in forma pauperis*. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other*

*grounds as stated in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999). When assessing whether to permit an individual to proceed without paying the filing fee, the Court is not concerned with whether the applicant is destitute, but rather, "whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). The Court considers all the resources potentially available to the applicant, including those of a spouse or other family members. *See Ciavarella v. Comm'r of Soc. Sec.*, No. 5:13-CV-2031, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013) (citation omitted).

It appears from the documentation provided that Plaintiff cannot bear the filing fee without undue hardship. Accordingly, the Court will **GRANT** Plaintiff's motion [Doc. 1] for leave to proceed *in forma pauperis*.

## II. SCREENING OF COMPLAINT

### A. Screening Standard

Because Plaintiff is proceeding *in forma pauperis*, this Court must screen the complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010) ("Because Hill's lawsuit seeks redress from governmental officers, and because Hill proceeded *in forma pauperis*, the district court screened Hill's complaint as required by 28 U.S.C. §§ 1915A and 1915(e)(2)(B).").

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs

dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill*, 630 F.3d at 470–71. Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above the speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 555.

To state a claim under § 1983, a plaintiff must plausibly allege that a person acting under the color of state law deprived him of a federal right. 42 U.S.C. § 1983.

**B. Plaintiff's Allegations**

On September 30, 2025, Plaintiff was arrested without a warrant [Doc. 2, p. 2]. "Plaintiff was later informed that the arrest was based on a clerical error involving OP-26073, which had been dismissed or improperly maintained" [*Id.*]. Because the Blount County General Sessions Court Clerk's Office "failed to update the court record," deputies believed a valid warrant existed for Plaintiff's arrest [*Id.*].

While Plaintiff was in custody, he requested medical attention for "elevated blood pressure, distress, and physical symptoms" but was ignored or denied by jail staff [*Id.*].

Aggrieved, Plaintiff filed this § 1983 action against Blount County, Sheriff James Lee Berrong, Deputies John Doe #1 and #2, the Blount County General Sessions Court Clerk's Office, and Clerk Chris Cantrell, alleging violations of his Fourth and Fourteenth Amendment rights and seeking undisclosed monetary damages [*Id.* at 2–4].

## III. ANALYSIS

The facts alleged by Plaintiff are insufficient to permit the plausible inference that he is entitled to § 1983 relief. An overarching problem is that Plaintiff's complaint turns on the fact that a clerical error was made regarding "OP-26073," which allegedly caused the constitutional violations subsequently asserted. But Plaintiff does not explain, and the Court is not aware, of what OP-26073 is or its significance.

But even if the Court were to assume that certain Blount County records inaccurately showed Plaintiff had an outstanding warrant or charge, that fact alone would not entitle Plaintiff to § 1983 relief, because there are no allegations of malfeasance in the complaint, and negligence cannot form the basis of a § 1983 claim. *See, e.g., Daniels v. Williams*, 474 U.S. 327, 331–32 (1986). And Plaintiff cannot otherwise impose liability on Blount County for the alleged mistake, because Blount County cannot be held liable merely because it employed someone who violated Plaintiff's rights. Instead, it may only be held liable where implementation of its own customs or policies caused a violation of Plaintiff's constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (providing that a municipality may be liable only where "execution of [its] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury"). Plaintiff has not alleged any facts that

would permit the plausible inference that he suffered constitutional injury because of a policy or custom of Blount County itself, as opposed to the discrete (in)actions of individuals.

Further, Plaintiff fails to state a plausible § 1983 claim by merely offering the legal conclusion that his arrest and subsequent detention lacked a lawful basis. *See, e.g., Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). Plaintiff does not provide any factual detail about the circumstances of his arrest that would allow the Court to assess whether Plaintiff's arrest was reasonable. *See Graves v. Mahoning Cnty.*, 821 F.3d 772, 775–76 (6th Cir. 2016) (holding "arrests are 'reasonable' when the officer had 'probable cause to believe that a criminal offense has been or is being committed'") (citation omitted).

Nor has Plaintiff alleged sufficient facts to state a plausible claim for the denial of constitutionally adequate medical treatment. While Plaintiff complains that he requested medical care for elevated blood pressure and vague "physical symptoms[,]" he has not alleged any facts that would permit the inference that he required medical attention for a sufficiently serious medical need, or that any particular individual knew of and consciously disregarded that need. *See Poynter v. Shirley*, No. 25-5188, 2026 WL 2641092, at *6–7 (6th Cir. Sept. 8, 2026) (holding cognizable pretrial detainee denial-of-medical-care claim requires plaintiff to demonstrate an objectively serious medical need, a defendant's subjective knowledge of the need and substantial risk of harm, and a conscious disregard of the risk).

Therefore, Plaintiff has failed to make "a short and plain statement of the claim showing that . . . [he] is entitled to relief[.]" *Twombly*, 550 U.S. at 555 (citing Fed. R. Civ. P. 8(a)(2)). Even so, before dismissing this case, the Court will **PERMIT** Plaintiff an opportunity to file an amended complaint to flesh out his allegations. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[A] district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Accordingly, **if** Plaintiff desires to proceed with this action, he is **ORDERED** file an amended complaint within fourteen (14) days of entry of this Order that contains a short and plain statement of specific facts—i.e., the who, what, when, where, why, how—setting forth exactly how Defendant(s) violated his constitutional rights, the specific party(ies) responsible, any specific injury(ies) he suffered, and his request for relief. Plaintiff should also specify in any amended complaint the facts surrounding his arrest, the length of time he remained incarcerated, and what type of medical attention he requested and from whom. The Court will **DIRECT** the Clerk to mail Plaintiff a § 1983 form for this purpose.

The Court **NOTIFIES** Plaintiff that it will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims, and he is advised that the Court will **DISMISS** any such claims. Further, the Court **NOTIFIES** Plaintiff that this amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations or pleadings.

If Plaintiff does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court, and for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff's complaint [Doc. 2] fails to state a claim, and it is **DISMISSED**;

3. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

4. Plaintiff is **ORDERED** to complete the § 1983 form within 14 days in accordance with the directives stated above **only if** he desires to further pursue this action;

5. Plaintiff is **NOTIFIED** that failure to comply with this Order will result in the dismissal of this action;

6. Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening; and

7. Plaintiff is **ORDERED** to immediately inform the Court of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within 14 days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE